IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE AVALOS,

       Plaintiff,

v.                                                        CIV 13-1200 KG/CG

McKINLEY COUNTY DETENTION
CENTER,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte*. On December 17, 2013, Defendant McKinley County Detention Center removed this action from the Eleventh Judicial District Court of McKinley County, New Mexico. (Doc. 1). In the notice of removal, Defendant asserts that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, and the action can be removed to this Court pursuant to "28 U.S.C. § 1441(b)[1] in that Plaintiff alleges violations of his rights under the Eighth Amendment to the United States Constitution." (Doc. 1 at 2-3).

Plaintiff filed his complaint in state court on September 19, 2013, describing the nature of the action as "a tort suit authorized by the New Mexico Tort Claims Act, Chapter 41 N.M.S.A., by a corrections department prisoner who seeks damages for the following: physical pain over a long period of time . . . victim to cruel and unusual punishment created by [Defendant], unsanitary conditions, mental and emotional stress." (Doc. 1-1 at 1). According to the notice of removal, Defendant construes this claim as one brought under 42 U.S.C. § 1983 and the Eighth Amendment, in addition to

---

[1] Diversity jurisdiction is addressed in 28 U.S.C. § 1441(b). The Court assumes this is a typographical error and that Defendant intended to cite 28 U.S.C. § 1441(a), which addresses claims arising under the Constitution, or 28 U.S.C. § 1441(c), which addresses joinder of federal and state law claims.

unspecified state tort claims. (Doc. 1 at 1). Less than a week after removing this case, Defendant filed its *Motion for a More Definite Statement* ("Motion"), (Doc. 3), on the basis that "Defendant is unable to submit a responsive pleading without a more specific exposition of the constitutional, statutory, or common-law theories of liability and a more concise statement of the facts that support each claim." (Doc. 3 at 2). In support of its Motion, Defendant states that in addition to Plaintiff's factual omissions, "Plaintiff's failure to include *any* reference to the constitutional, statutory, or common-law basis for his claims, makes it difficult if not impossible for Defendant to submit a responsive pleading." (Doc. 3 at 5) (emphasis in original). Interestingly, Defendant does not seem to find Plaintiff's failure to refer to any constitutional, statutory, or common-law basis for his claims to be an impediment to its assertion that the complaint invokes a federal question and can be removed from the state court in which Plaintiff chose to file his complaint.

     A defendant may remove a civil action from a state court to federal court when it involves a claim over which the district court of the United States would have original jurisdiction. 28 U.S.C. § 1441(a) and (c). A claim that arises "under the Constitution, law, or treaties of the United States" is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1331. However, a court must ensure that it has jurisdiction over a removed cause of action. *See Laughlin v. Kmart*, 50 F.3d 871, 873 (10th Cir. 1995) (stating that a federal court has the duty to raise and resolve any question of jurisdiction and must dismiss the cause of action if "it becomes apparent that jurisdiction is lacking.")

Further, removal statutes are to be strictly construed and all doubts are to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The party invoking federal jurisdiction has the burden of establishing its propriety. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Defendant appears to believe that using the phrase "cruel and unusual punishment" necessarily implicates the Eighth Amendment of the United States Constitution. However, the phrase "cruel and unusual punishment" also appears in the Constitution of the State of New Mexico. *See* N.M. Const. art II § 13 ("Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishment* inflicted.") (emphasis added). Thus, the four words that are the only basis for construing Plaintiff's claim as one arising under § 1983 and the Eighth Amendment can also provide a basis for construing the claim as one arising under the Constitution of the State New Mexico. Nothing else in Plaintiff's complaint implicates a claim arising under federal law, though Plaintiff did specifically allege negligence and other state tort claims. (*See* Doc. 1-1 at 3). Moreover, Plaintiff chose to file his complaint in state court, from which the Court infers that he prefers to litigate his claim in that forum. Considering the entirety of Plaintiff's complaint, the Court finds that Defendant's assertion that Plaintiff has brought a claim that invokes this Court's subject matter jurisdiction to be tenuous.

As mentioned above, Defendant has the burden establishing that federal jurisdiction is proper. The first action Defendant took after removal was to file a motion in which it states that it "should not be asked to guess at the constitutional, statutory, or common-law underpinnings" of Plaintiff's complaint. (Doc. 3 at 2). Based on this, the

3

Court finds that even Defendant is unsure if Plaintiff has truly raised a constitutional claim and has not met its burden of establishing that this Court has subject matter jurisdiction over this cause of action.  Because "all doubts arising from defective, ambiguous[,] and inartful pleadings should be resolved in favor of the retention of state court jurisdiction," *Greenfields v. Warren Petroleum Company*, 248 F.2d 61, 65 (10th Cir. 1957), this Court **RECOMMENDS** that this case be **REMANDED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE