IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE AVALOS,

       Plaintiff,

v.                                                                                  CIV 13-1200 KG/CG

McKINLEY COUNTY DETENTION
CENTER,

       Defendant.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on February 10, 2014. (Doc. 6). In the PFRD, Judge Garza recommended that Plaintiff's *Complaint (Tort)*, (Doc. 1-1), be remanded for lack of subject matter jurisdiction. Plaintiff filed objections to the PFRD on February 20, 2014. (Doc. 7). After a *de novo* review of the record, Plaintiff's Objections, the PFRD, and the relevant law, the Court overrules Plaintiff's Objections and adopts the PFRD.

As explained in the PFRD, Defendant removed this case to federal court after it construed the phrase "cruel and unusual punishment" in Plaintiff's Complaint to be a constitutional claim brought pursuant to 42 U.S.C. § 1983, even though that phrase also appears in the Constitution of the State of New Mexico. (Doc. 6 at 1-3). Shortly after removing the case, Defendant filed a *Motion for a More Definite Statement*, (Doc. 3), in which it asserted that it was "unable to submit a responsive pleading without a more specific exposition of the constitutional, statutory, or common-law theories of liability and a more concise statement of the facts that support each claim." (Doc. 3 at 2).

As Judge Garza pointed out, Defendant has the burden of establishing that federal jurisdiction is proper and its admission that it was unsure of the legal bases of Plaintiff's claims undermines its assertion that Plaintiff's Complaint raised a federal question.  The most straightforward way to construe Plaintiff's Complaint, filed in state court using a form for tort claims, is as raising claims brought under state law.  Judge Garza properly found that Defendant had not met its burden of establishing that federal jurisdiction is proper and recommended that the case be remanded.

In his Objections, Plaintiff states that he would like his case reviewed and elaborates on the factual bases of his claims.  (Doc. 7 at 1-6).  He does not address Judge Garza's findings or explain how they misapply the law.  It is apparent that Plaintiff did not understand that remand does not preclude an examination of his case, but merely returns the case to the state court for adjudication in the appropriate forum.  Therefore, Plaintiff's Objections are overruled.

**IT IS THEREFORE ORDERED** that the *Proposed Findings and Recommended Disposition* is **ADOPTED** and this case is **REMANDED** to the eleventh Judicial District Court of McKinley County, New Mexico.

_____
UNITED STATES DISTRICT JUDGE